IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy F. Wright,                     ) | C/A No.: 1:13-1823-JFA-SVH |
|                                             ) | |
|          Petitioner,     ) | |
|                                             ) | |
| vs.                                      ) | REPORT AND RECOMMENDATION |
|                                             ) | |
| Steven Mora, Warden FCI Estill,  ) | |
|                                             ) | |
|          Respondent.  ) | |
|                                             ) | |

      Jimmy F. Wright ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the United States Parole Commission ("USPC") denying his parole. Petitioner is a federal prisoner at the Federal Correctional Institution in Estill, South Carolina, serving a 37-year sentence rendered by the United States District Court for the Middle District of Florida in 1987. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment filed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56. [Entry #14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #15, #17]. Petitioner filed a response. [Entry #19].

      Having carefully considered the parties' submissions and the record in this case, the undersigned recommends granting Respondent's motion.

1

I.      Factual and Procedural Background

Petitioner previously filed a habeas petition in this court regarding his parole, in which the Honorable Joseph F. Anderson, United States District Judge, granted the respondent's motion for summary judgment and denied the writ of habeas corpus. *See Wright v. Rivera*, 3:10-430-JFA-JRM ("*Wright I*"), [Entry #29]. The court subsequently denied Petitioner's request to reopen the case [*id.* at Entry #35], as well as Petitioner's motion for reconsideration [*id.* at Entry #38].

The court takes judicial notice of the facts provided in Petitioner's prior habeas action, as detailed in the Report and Recommendation adopted by the court as its own order.[1] [*Wright I*, Entry #26, #29]. After robbing a bank and a savings and loan institution in Jacksonville, Florida, in 1986 and 1987, Petitioner was sentenced to 37 years on August 14, 1987. Because of the time of Petitioner's offenses and convictions, he was eligible for parole. Petitioner was granted parole by the USPC on October 12, 2001. On July 9, 2002, Petitioner was arrested in connection with the June 8, 2002, non-fatal shooting of Wiley Edward Garrett. On July 25, 2002, the United States Probation Office ("USPO") notified the USPC of the alleged violation, and the USPC declined to issue a warrant at that time, deciding "to allow the new local charge be resolved first, absent other information." On June 7, 2004, Petitioner was again arrested by local authorities

---

[1] The court takes judicial notice of its own records. *Ceo v. Ozmint*, 2006 WL 2850538, at *2 (D.S.C. Sept. 29, 2006) ("This court may take judicial notice of its own records in this prior case.") (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (". . . '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'")).

for driving under the influence and driving while his license was suspended. On June 14, 2004, the USPO advised the USPC of Petitioner's new arrest and recommended that a warrant be issued. The USPC issued a parole violation warrant on June 12, 2004. Petitioner was arrested on the parole violation warrant on July 21, 2004. The supervising United States Probation Officer conducted a preliminary interview on July 27, 2004, during which Petitioner signed two waiver of counsel forms that were non-specific and that ostensibly waived his right to counsel for the preliminary interview and the later revocation hearing. A USPC hearing officer held the revocation hearing at a local jail on September 13, 2004. Petitioner again waived counsel. He denied the violations related to the 2002 shooting and the 2004 DUI and DUS. Petitioner admitted to driving the vehicle on private property and consuming alcohol. Garrett, the victim of the shooting, and the investigating officer testified about the 2002 incident. The hearing officer found that Petitioner had violated the conditions of his parole on all charges and recommended that Petitioner's parole be revoked.

On September 24, 2004, the USPC revoked Petitioner's parole and ordered that he serve 148 months, giving him a presumptive re-parole of November 20, 2016. On January 26, 2005, Petitioner filed an appeal with the USPC National Appeals Board. The appeal was denied on April 1, 2005. A statutory interim hearing was conducted on October 31, 2006. Petitioner maintained that he had new information and witnesses pertaining to the 2002 shooting. The hearing officer recommended no change in the presumptive re-parole date. On November 13, 2006, the USPC determined that no change in the presumptive parole date was warranted. On January 15, 2007, Petitioner appealed

the USPC decision. The appeal was denied on March 15, 2007. Another interim hearing was held on October 29, 2008. At this hearing, Petitioner maintained that he had been denied the right to an attorney and prehearing disclosure in connection with his revocation hearing. The hearing officer recommended no change in the presumptive parole date. USPC concluded that no change in the presumptive parole date was warranted.

Petitioner received another interim hearing on October 21, 2010, after which the USPC issued no change in the presumptive parole date of November 20, 2016. [Entry #14-1 at 1]. On October 3, 2012, a Parole Commission hearing examiner conducted another interim hearing, at which Petitioner was represented by Parks Small of the Federal Public Defender's Office. [Entry #14-2]. Although the hearing examiner advised Petitioner that the hearing was not the proper forum to contest the original revocation decision, the information was placed in the record. *Id.* at 1–2. Following the hearing, the Commission issued its decision of no change in the previous decision. [Entry #14-3]. Petitioner appealed the Commission's decision, claiming that the victim had lied about the extent of injuries Petitioner caused. [Entry #14-4]. On appeal, the National Appeals Board reviewed Petitioner's claims and decided that it would not revisit the Commission's revocation decision. [Entry #14-5].

Petitioner returns to the court, alleging that the victim had lied about the extent of injuries caused by Petitioner. [Entry #1 at 3]. Petitioner claims that because the Commission allegedly failed to obtain the victim's medical records, it improperly

4

calculated Petitioner's category of violation as Category Seven instead of Six. *Id.* Petitioner also asks that the court reappoint Parks Small as his counsel. *Id.* at 4–5.

II.  Discussion

   A.  Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

5

judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Id*. at 255.

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Respondent, in his motion, presented to the court matters outside the pleadings, which the undersigned did not exclude, the court will treat Respondent's motion to dismiss for failure to state a claim as one for summary judgment.[2]

B.     Analysis

Respondent argues that the petition is barred, in part, on the doctrine of successive petitions and, in part, on the doctrine of "abuse of the writ." [Entry #14 at 3]. Respondent argues that Petitioner raises some of the same grounds for relief as in *Wright I*, as well as raising new grounds for relief that he could have raised therein.

---

[2] The undersigned informed Petitioner of the court's intention to treat Respondent's motion as one for summary judgment and advised Petitioner to present all materials pertinent to the motion in his response. [Entry #17]. Petitioner thereafter filed his response. [Entry #19].

Specifically, Petitioner again claims that the Commission violated his due process rights because he did not have counsel at his revocation hearing, and that the Commission violated its regulations because the officer who requested the warrant in his case also conducted his preliminary interview. The undersigned agrees with Respondent that these claims should be dismissed as they have already been decided in *Wright I*.

In addition to repeating his prior arguments, Petitioner states a new claim that the victim's injuries were not as serious as had been reported to the Commission, arguing that this "new evidence" requires modification of the offense severity rating for the parole violation to lower than a Category Seven.

Review of successive habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 2006. The AEDPA provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a Court of the United States if it appears that the legality of such detention has been determined by a judge of court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue. *Gates v. Stansberry,* No. 07-1212, 2008 WL 2165998, at * 3–4 (E.D.Va. May 23, 2008); *see also Chambers v. United States,* 106 F.3d 472, 475 (2nd Cir. 1997); *Simon v. United States,* 359 F.3d 139, 143, n. 7 (2nd Cir. 2004); *Valona v. United States,* 138 F.3d 693, 695 (7th Cir. 1998); *Barapind v. Reno,* 225 F.3d 1100, 1111 (9th Cir. 2000); *Jackson v. Morris,* 8 Fed. Appx. 890, 892 (10th Cir.

2001) (holding habeas petition raising issues that were expressly rejected on a prior petition was successive and those issues would not be considered, even though petitioner styled his arguments to raise different aspects of the issues).

Although Petitioner asserts some additional arguments in his present petition, he is still asserting the same underlying claim; *i.e.,* that he is entitled to be released on parole. Because the habeas claim raised in the instant petition was raised in Petitioner's previous § 2241 petition, which was adjudicated on the merits by this court, this petition is a successive petition for writ of habeas corpus barred by § 2244(a), and should be dismissed. *Cf., Peagler v. Yancey,* No. 05-2921, 2006 WL 2434037 (D.S.C. Aug. 21, 2006); *Ray v. Simon,* No. 07-1143, 2008 WL 5412067 (D.S.C. Dec. 24, 2008); *see also Singletary v. Dewalt,* No. 04-623, 2005 WL 1162940 (E.D.Va. 2005); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)(holding that prisoners can abuse the writ of habeas corpus by raising claims in a subsequent petition that they could have raised in the first); *Sanders v. United States*, 373 U.S. 1, 18 (1963)("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation . . . ").

Petitioner has not shown cause and prejudice for not raising his new claim in the first petition. *See Schulp v. Delo*, 513 U.S. 298, 320 (1995)(a habeas court need not reach the merits of successive or abusive claims absent a showing of cause and prejudice); *Noble v. Barnett*, 24 F.3d 582, 585–88 (4th Cir. 1994). Petitioner claims that he has only recently obtained the medical reports showing the extent of the victims' injuries, but he has not shown that this information was not available at the time he filed his original petition.

Independently, Petitioner cannot demonstrate prejudice, as Respondent argues that the new information would not affect the Commission's decision to rate his offense severity as Category Seven. Respondent notes that where the Commission finds that the parolee committed an assault with serious bodily injury resulting or if serious bodily injury is the result intended, the offense is graded as Category Seven. The definitions in Chapter 13 of the U.S. Parole Commission Offense Behavior Severity Index define "serious bodily injury is the result intended" as ". . . a limited category of offense behaviors where the circumstances indicate that the bodily injury intended was serious (e.g. throwing acid in a person's face, or firing a weapon at a person) but where it is not established that murder was the intended object." *See* 28 C.F.R. § 2.20, U.S. Parole Commission Offense Behavior Severity Index, Chapter 13, Subchapter B. Respondent notes that the Commission rated the parole violation conduct as offense severity Category Seven because Petitioner "shot a person with intent to commit serious bodily injury." [Entry #14-6]. Respondent argues that once the Commission established that Petitioner had fired a weapon at the victim, the information regarding the seriousness of the victim's actual injuries had no effect on the offense severity rating.

Petitioner argues, but has not demonstrated that the Commission "abused its authority when rating his offense severity category as seven." [Entry#19 at 1]. It appears the Commission's findings were within the applicable regulations. Because Petitioner cannot demonstrate cause or prejudice, the undersigned does not reach the merits of his successive claim.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #14] be granted and the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice and without an evidentiary hearing. The undersigned also recommends that Petitioner's request for appointment of counsel be denied.

IT IS SO RECOMMENDED.

May 27, 2014                                         Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).